UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AG LA MESA LLC, a Limited Liability Company dba COUNTRY VILLA LA MESA HEALTHCARE CENTER,<br><br>        Plaintiff,<br>v.<br><br>LEXINGTON INSURANCE COMPANY,<br><br>        Defendant. | Civil No.10cv1873 AJB (BGS)<br><br>**ORDER AND JUDGMENT**<br><br>[Doc. No. 23] |

Presently before the Court is Defendant Lexington Insurance Company's application for an order confirming the arbitration decision and directing that judgment be entered in Lexington's favor. (Doc. 23.) The Court held a hearing on the application on Friday, July 13, 2012. For the reasons stated on the record and discussed below, the Court **GRANTS** the application.

**I.**

**BACKGROUND**

This matter relates to a dispute regarding insurance coverage for a class action lawsuit filed in January 2010 in the Superior Court of the State of California, Los Angeles County (the "*Maire* Action"). Lexington issued an employment practices liability insurance policy to Plaintiff AG La Mesa, with an effective policy period from October 1, 2009 to October 1, 2010. AG La Mesa sought coverage for the

*Maire* Action under the Lexington Policy, but Lexington denied coverage based upon an exclusion for wage and hour claims.

As a result, on August 3, 2010, AG La Mesa filed the instant action for breach of contract and breach of the implied covenant of good faith and fair dealing. Lexington removed the case to federal court and then filed a motion to compel arbitration and stay the litigation. On January 3, 2011, the Court (then before Judge Gonzalez) granted Lexington's motion to compel arbitration as to AG La Mesa's breach of contract cause of action and stayed the litigation. (Doc. 16.)

On October 6, 2011, the arbitration hearing occurred. On October 10, 2011, the arbitration panel umpire issued a letter providing the panel's unanimous decision, which concluded there was no coverage under the Lexington Policy.

The arbitration provision of the Lexington Policy notes that the arbitration procedural rules are "in accordance with the Commercial Arbitration Rules of the American Arbitration Association." Rule 48(c) of those rules provides that "[p]arties to an arbitration under these rules shall be deemed to have consented that judgment upon the arbitration award may be entered in any federal or state court having jurisdiction thereof."

## II.
## DISCUSSION

Lexington filed the instant application for an order confirming the arbitration panel's decision that there is no coverage for the *Maire* Action under the Lexington Policy, and directing that judgment be entered in Lexington's favor. (Doc. 23.) Lexington claims the arbitration panel's finding entitles it to judgment on the breach of contract claim: because there is no coverage, there can be no failure to perform under the contract. Further, without a breach of contract, there can be no breach of the implied covenant of good faith and fair dealing. *See, e.g.*, *Kopczynski v. Prudential Ins. Co.*, 164 Cal. App. 3d 846 (Cal. Ct. App. 1985); *Baroco West, Inc. v. Scottsdale Ins. Co.*, 110 Cal. App. 4th 96 (Cal. Ct. App. 2003); *Brehm v. 21st Century Ins. Co.*, 166 Cal. App. 4th 1225 (Cal. Ct. App. 2008). Thus, according to Lexington, judgment should be entered in its favor on both causes of action.

AG La Mesa opposes Lexington's application on the grounds that the arbitration panel lacked subject matter jurisdiction to issue its ruling, and the ruling is thus void. The Lexington Policy contains

an arbitration clause that requires arbitration of "a disagreement as to the interpretation of this policy." AG La Mesa contends that this provision did not allow for arbitration of any and all disagreements arising out of the policy, nor of disputes over the application of the policy. It asserts that the arbitration panel's decision went far beyond a mere "interpretation" of the policy, and to the extent that it did, it lacked subject matter jurisdiction.

The Court is not persuaded by AG La Mesa's argument, which appears to be a mere rehash of its opposition to the earlier motion to compel arbitration. The Court already determined the scope of the arbitration clause when Judge Gonzalez granted Lexington's motion to compel arbitration and ordered the parties to binding arbitration with respect to the breach of contract claim, which specifically sought a determination of whether there was coverage for the *Maire* Action. In its opposition to the motion to compel, AG La Mesa made similar arguments urging a narrow interpretation of the arbitration provision. However, the Court rejected the contention that the parties intended the provision to encompass only a minor subset of disagreement over interpretation of an insurance policy.[1] Judge Gonzalez concluded that the "parties' coverage dispute is a disagreement as to the interpretation of the Policy subject to binding arbitration." (Doc. 16 at 5.) AG La Mesa did not seek reconsideration of the ruling at the time; instead, it submitted to binding arbitration. It cannot now seek reconsideration through its opposition to Lexington's application. Nonetheless, the Court has reconsidered Judge Gonzalez's ruling and agrees with it.

Additionally, because AG La Mesa consented to the scope of subject matter jurisdiction at the arbitration, it cannot now challenge the arbitration panel's authority.[2] "Absent excusable ignorance of a predicate fact, a party that does not object to the arbitrator's jurisdiction during the arbitration may not

---

[1] Specifically, the order granting the motion to compel arbitration stated that "the question is whether 'interpretation' is susceptible of a meaning that encompasses the resolution of a concrete dispute over the scope of coverage. Among other things, 'interpret' means 'to conceive in the light of individual belief, judgment, or circumstance.' To conceive of the parties' dispute in light of individual circumstance may entail resolving the parties' coverage dispute; 'interpret' is thus 'susceptible of an interpretation [that] covers the asserted dispute.'" (Doc. 16 at 4 (internal citations omitted).)

[2] Consent may be inferred "where a party has engaged in arbitration of an issue without objecting to the arbitrator's jurisdiction." *Data Mt. Solutions, Inc. v. Giordano*, 680 F. Supp. 2d 110, 124 (D.D.C. 2010) (internal citations and quotation marks omitted). "To preserve an objection to an arbitrator's jurisdiction a party must raise it clearly and explicitly during the arbitration process." *Id.* at 129 (internal citations and quotation marks omitted).

later do so in court." *Howard Univ. v. Metro. Campus Police Officer's Union*, 512 F.3d 716, 720 (D.C. Cir. 2008); *see also Data Mt. Solutions*, 680 F. Supp. 2d at 129. Here, AG La Mesa has provided no evidence that it properly objected to the arbitration panel's jurisdiction during the arbitration process, nor has it articulated excusable ignorance of a predicate fact. It therefore may not challenge the jurisdiction now.

Finally, AG La Mesa failed to timely file an application to vacate the arbitration decision. "Notice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered." 9 U.S.C.A. § 12. Here, the arbitration panel issued its decision on October 10, 2011, and AG La Mesa missed its three-month opportunity to attempt to vacate the arbitration decision. It cannot do so now through its opposition to Lexington's application.

In sum, this is neither the time nor place for AG La Mesa to challenge the arbitration panel's subject matter jurisdiction. It had at least three prior opportunities to do so. It could have (1) moved for reconsideration of the Court's order granting the motion to compel arbitration, (2) properly objected at the arbitration itself, and/or (3) moved to vacate the arbitration decision. However, there is no evidence that AG La Mesa attempted any of these options, and there is also no dispute that the arbitration panel decided the issues that were before it.  The Court therefore must confirm the arbitration decision.

### III.

### CONCLUSION

For the reasons set forth above, the Court **GRANTS** Lexington's application for an order confirming the arbitration decision and directs the Clerk to **ENTER JUDGMENT** in Lexington's favor as to both causes of action.

 IT IS SO ORDERED.


DATED:  July 19, 2012

_____
Hon. Anthony J. Battaglia
U.S. District Judge